United States District Court
District of Connecticut
FILED AT BRIDGEPORT
10/6 2016
Roberta D. Tabora, Clerk
By Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

HEIKE HEIN HOME LLC
and
61 MAPLE AVENUE SOUTH LLC
*plaintiffs*

3:16cv1652(RNC)
Case: 3:14-cv-

vs.

COASTAL CONSTRUCTION GROUP LLC
*defendant*

October 6. 2016

## COMPLAINT

Come, the plaintiffs Heike Hein Home LLC and 61 Maple Avenue South LLC, by their attorney. Stephen E. Nevas, for their Complaint against the defendant: Coastal Construction Group LLC, for infringement of copyright in violation of the Copyright Act of 1976, breach of contract, breach of the implied covenant of good faith and fair dealing and, for unjust enrichment.

## PARTIES

*Plaintiffs*

1) The plaintiff, Heike Hein Home LLC (hereinafter "Heike Hein") is a Connecticut limited liability company and citizen of the United States, owned solely by Heike Hein with offices at 45 Clapboard Hill Road, Westport, CT

2) The plaintiff, 61 Maple Avenue South LLC (hereinafter "Maple Avenue South") is a Connecticut limited liability company and citizen of the United States, owned solely by Heike Hein, with offices at 45 Clapboard Hill Road, Westport, CT.

*Defendant*

3) The defendant Coastal Construction Group LLC (hereinafter "Coastal") is a Connecticut limited liability company and citizen of the United States with offices at 1771 Post Road East, #205, Westport, CT.

**JURISDICTION AND VENUE**

4) The copyright infringement claim in this Complaint arises under the Copyright Act of 1976 (Title 17 of the United States Code) and this court has original jurisdiction to hear and decide this claim pursuant to 28 USC § 1331 and 17 USC § 501.

5) The breach of contract claim in this Complaint arises under the common law and alleges defendant's breach of a contractual promise to Maple Avenue South to employ the design work provided to it by Maple Avenue South for the construction of one residence only and for none other.

6) The claim for breach of the implied covenant of good faith and fair dealing arises from defendant's deliberate effort to evade its contractual duties to the plaintiffs by seeking a license from an architect, hired and paid by the plaintiff 61 Maple Avenue South, to use the plaintiff's copyright protected work.

7) The unjust enrichment claim arises under the common law and alleges that the defendant copied and misappropriated the design of 61 Maple Avenue South without the permission of Maple Avenue South or Heike Hein, did not pay for it and that defendant's action was detrimental to the plaintiffs.

8) Venue is appropriate in this District pursuant to 28 USC § 1391(b)(1) & (2) since all parties reside within this District and because the events giving rise to the gravamen of this Complaint occurred in this District.

## GENERAL ALLEGATIONS

*The 61 Maple Avenue South Project*

9) Heike Hein creates unique exterior and interior designs for luxury homes.

10) On December 10, 2009, the plaintiff Maple Avenue South, owner of real property at 61 Maple Avenue South, Westport, Connecticut entered into a written contract with the plaintiff Heike Hein by which Heike Hein agreed to create the design for a new residence to be built on land at that address.

11) Concurrently, Maple Avenue South entered into a contract with Coastal for the construction of a residence which provided in relevant part that "*The plans and specifications provided by the Owner [Maple Avenue South LLC] and copies thereof furnished by the Contractor [Coastal Construction Group LLC] are for use solely with respect to this project and are not to be used by the Contractor for any other project and purpose.*"

12) The plaintiff Heike Hein proceeded to create the design for Maple Avenue South, which is embodied in various media of expression including the 61 Maple Avenue South residence itself, architectural designs and photographs of the residence (such media considered collectively or separately are referred to as the "61 Maple Avenue South Design.").

13) The 61 Maple South Design encompasses the overall form as well as the arrangement and composition of spaces and elements.

14) Building plans based on and derived from the Maple Avenue South design were filed by the defendant and approved by the Town of Westport Building Department on May 11, 2010.

15) Construction of the 61 Maple South Project on behalf of Maple Avenue South was completed by the defendant in April, 2012.

*The 809 Weed Street Project*

16) Upon information and belief, the defendant subsequently contracted with Michel & Marlouis Lagarde to construct a "New Single Family Residence" at 809 Weed Street, New Canaan, Connecticut.

17) On May 3, 2013 the defendant, by its employee Kevin Poole, applied to the Building Department of the Town of New Canaan for a Building Permit to build the "New Single Family Residence" at 809 Weed Street at a cost of $1,475,000.00.

18) The defendant submitted a design and plans to the New Canaan Building Department for the 809 Weed Street Project that were copied and derived from the plans for the 61 Maple Avenue South Project.

19) The defendant proceeded to construct the 809 Weed Street project using the design and plans copied from the 61 Maple Avenue South Project.

20) The defendant completed construction of the 809 Weed Street Project and a Certificate of Occupancy was obtained on December 23, 2014.

21) Upon information and belief, the defendant received compensation from the owners of the 809 Weed Street property, Michel & Marlouis Lagarde, to provide the design and to construct the 809 Weed Street Project based on that design.

22) When, in February, 2016, the plaintiffs discovered that the defendant had copied the copyright- protected design for 61 Maple Avenue South to build the 809 Weed Street residence, the defendant responded by seeking and obtaining a purported license to use the 61 Maple Avenue South design for the 809 Weed Street project from architect Vicente Burin who had been hired and paid by the plaintiff Maple Avenue South to create technical drawings for the construction of the 61 Maple Avenue South project.

**COUNT ONE**

23) The allegations contained in Paragraphs 1 – 22 are incorporated into this Count and show:

24) The 61 Maple South design and drawings representing it are an architectural work as defined in the Copyright Act. 17 USC § 101.

25) The 61 Maple South design is eligible for copyright protection. 17 USC § 102.

26) The plaintiff Heike Hein and Maple Avenue South, by contract with Heike Hein, possess sole rights to the copyright of the 61 Maple South design and only they have the right to use it or copy it for the construction of another building.

27) Pursuant to 17 USC §§ 408 & 409 and to 37 CFR 2-2.11(c)(4), Maple Avenue South applied to the Register of Copyrights, United States of America, to register the copyright for the 61 Maple South design as an architectural work.

*28)* When the Register, in accordance with 17 USC § 410, issued a Certificate of Registration (Number: VA 2-002-373), the Register determined that the 61 Maple South design *titled as 61 Maple South; constructed December, 2011 Original Residential Design,* constitutes copyrightable subject matter as an architectural work and that the plaintiff meets the legal and formal requirements for title to the design.

*29)* Pursuant to 17 U.S.C. § 101 et seq., Maple Avenue South subsequently assigned its right, title and interest in the copyright for the 61 Maple Avenue South Original Residential Design to Heike Hein.

*30)* The architectural design for the 809 Weed Street Project is substantially similar to the 61 Maple Avenue South architectural design.

*31)* The defendant Coastal constructed the 809 Weed Street project by means of copying the total concept and overall feel of the Maple Avenue South architectural design.

*32)* The defendant has a direct financial interest in the infringement of Maple Avenue South's copyright and has profited from that infringement.

33) The plaintiffs have suffered actual damage as a consequence of the defendant's infringement of the plaintiffs' copyright to the 61 Maple South designs.

34) The defendant has thereby infringed upon and violated the plaintiff Heike Hein's copyright.

## COUNT TWO

35) The allegation contained in Paragraphs 1 – 34 are incorporated into this Count and show:

36) On December 10, 2009, the defendant entered into a contract with Maple Avenue South, owner of the property, to construct a residence at 61 Maple Avenue South under the direction of the Maple Avenue South and "in cooperation and coordination with" Heike Hein.

37) The Coastal/Maple Avenue South agreement was duly executed and otherwise performed by the parties to it.

38) The foregoing parties agreed that Maple Avenue South would hire and pay a consulting architect to prepare final plans for the residence "on behalf of Maple Avenue South. "

*39)* They further agreed that "*The plans and specifications provided by the Owner [Maple Avenue South] and copies thereof furnished to Contractor [Coastal] are for use solely with respect to this project and are not be used by the Contractor [Coastal] for any other project or purpose.*"

40) Coastal nonetheless copied and used the plans and specifications provided by the Owner [Maple Avenue South] to plan and build the 809 Weed Street project in violation of its contractual promise to the plaintiff Maple Avenue South not to do so.

41) The 61 Maple Avenue South and 809 Weed Street residences are substantially similar.

42) The defendant's acts were willful, intentional and material.

43) Coastal' s breach of the aforementioned agreement has caused Maple Avenue South and Heike Hein to suffer actual damages.

44) The defendant Coastal thereby violated and breached its agreement with the plaintiff Maple Avenue South.

## COUNT THREE

45) The allegation contained in Paragraphs 1 – 44 are incorporated into this Count and show:

46) Upon information and belief, when the defendant learned that Maple Avenue South had discovered the infringement of the copyright for the design of 61 Maple Avenue South and resulting breach of its contract with Maple Avenue South, the defendant continued its wrongful acts by seeking and obtaining a purported license to use the plaintiffs' copyright-protected work from Vicente Burin, an architect who had been hired and paid by Maple Avenue South as its consultant to create technical drawings for the 61 Maple Avenue South project.

47) By seeking and obtaining a purported license to use the Maple Avenue South design and plans from Maple Avenue South's consultant, the defendant intended to and did further intentionally circumvent and violate the express terms of its contract with Maple Avenue South.

48) The defendant's acts were in bad faith, were undertaken with improper motive and for a dishonest purpose.

49) By the aforementioned acts, Coastal breached the implied covenant of good faith and fair dealing.

## COUNT FOUR

49) The allegations contained in Paragraphs 1 – 49 above are incorporated in this Count and show:

50) By wrongfully copying and employing the design of the South Maple Avenue residence without plaintiffs' permission in order to plan, obtain permits and construct the 809 Weed

Street Project the defendant obtained a substantial benefit for which it did not pay plaintiffs and to which it was not entitled.

51) The defendant's failure to pay the plaintiffs was to plaintiffs' detriment.

52) The defendant was thereby unjustly enriched.

**Demand for Relief**

Wherefore, the plaintiff prays for relief that this Court enter judgment in its favor as follows:

A. An order impounding all copies of any embodiment of the Maple Avenue South and 809 Weed Street designs and plans in the possession of Coastal or the possession of any other person Coastal may have distributed such copies to, as provided by 17 USC § 503(a)(1)(A);

B. An order impounding and taking into possession of this Court all records documenting the manufacture, sale and receipt of all things involved in Coastal's violation of the plaintiff's copyright as provided by 17 USC § 503(a)(1)(C);

C. An order for the destruction or other reasonable disposition of all copies found to have been made or used in violation of the plaintiffs' rights to the Maple Avenue South Design, the plans for the Design and such other articles by means of which copies may be made of the architectural work and technical drawings, as provided by 17 USC § 503(b);

D. Any and all profits of Coastal attributable to its infringement and are not taken into account in computing the plaintiff's actual damages for infringement of copyright, as provided by 17 USC § 504(b);

E. Actual damages suffered by the plaintiffs as a result of the defendant's infringement of their exclusive rights, as provided by 17 USC § 504(b);

F. Damages for breach of contract;

G. Damages for breach of the implied covenant of good faith and fair dealing, and

H. Recovery by the plaintiffs for unjust enrichment.

The plaintiffs 61 Maple Avenue South LLC and Heike Hein Home LLC

By: ______________________________

Stephen E. Nevas
Nevas Law Group LLC
237 Post Road West
Westport, CT 06880
snevas@nevaslawgroup.com
(203) 557 8600
(203) 226 3364 (facsimile)
Fed Bar No. ct10522